1  RYAN H. CROSNER, CA Bar No. 278418
   ryan.crosner@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
4  Telephone:     213-239-9800
   Facsimile:     213-239-9045
5
   M. LORENA NUÑEZ, CA Bar No. 300411
6  lorena.nunez@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
7  STEWART, P.C.
   One Embarcadero Center, Suite 900
8  San Francisco, CA  94111
   Telephone:     415-442-4810
9  Facsimile:     415-442-4870

10  Attorneys for Defendant SKY CHEFS, INC.

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

14  KEVIN RIVAS on behalf of himself and all          Case No.
    others similarly situated,
15                                                     **DEFENDANT SKY CHEFS, INC.'S NOTICE**
                       Plaintiff,                      **OF REMOVAL OF CIVIL ACTION TO**
16                                                     **UNITED STATES DISTRICT COURT**
           v.                                          **UNDER 28 U.S.C. §§ 1331, 1441, 1446, AND**
17                                                     **1453**
    SKY CHEFS, INC., a Delaware corporation,
18  and DOES 1 through 50, inclusive,
                                                       **[FEDERAL QUESTION JURISDICTION]**
19                     Defendants.
                                                       ___
20

21

22

23

24

25

26

27

28

                                                                                    Case No.
---
                    DEFENDANT SKY CHEFS, INC.'S NOTICE OF
            REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

45634665_1.docx

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF KEVIN RIVAS AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Sky Chefs, Inc. ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1331, 1441, 1446, and 1453 on the grounds of federal question jurisdiction.

This action arises under the laws of the United States because Plaintiff KEVIN RIVAS ("Plaintiff"), brings the lead claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). This Court has original jurisdiction over claims that are brought under the FCRA, and thus removal of this action is proper. Supplemental jurisdiction should attach to the remainder of the claims asserted.

## I.    THE STATE COURT ACTION.

1.    Plaintiff initiated this civil action in the Superior Court of Alameda, State of California, on or about October 26, 2020, when he filed the Complaint ("Superior Court Action"). The Superior Court Action was assigned Case No. RG20079163, entitled "*KEVIN RIVAS, on behalf of himself and all others similarly situated v. SKY CHEFS, INC., a Delaware corporation, and DOES 1 through 50, inclusive*." Plaintiff alleges the following causes of action: (1) Violation of 15 U.S.C. § 1681(b) *et seq.* in conducting employment related background check (Fair Credit Reporting Act); (2) Violation of California Civil Code § 1785 *et seq.* in conducting employment related background check (Consumer Credit Reporting Agencies Act); (3) Violation of California Civil Code § 1786 et seq. in conducting employment related background check (Investigative Consumer Reporting Agencies Act): (4) Violations of the Unfair Competition Law (California Business & Professions Code).

2.    In compliance with 28 U.S.C. section 1446(a), attached to the Declaration of Defendant's counsel, Ryan H. Crosner, and filed with the Notice of Removal, are copies of the all process, pleadings and orders filed in the Superior Court Action, specifically:

- **Exhibit A** – Complaint;
- **Exhibit B** – Summons;
- **Exhibit C** – Civil Case Cover Sheet;
- **Exhibit D** – Notice of Court Hearing and Orders
- **Exhibit E** – Proof of Personal Service of Summons and Complaint.

3.     To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Alameda Superior Court or served by any party.

## II.     <u>TIMELINESS OF REMOVAL.</u>

4.     If a complaint affirmatively reveals on its face the facts necessary for federal court jurisdiction, a defendant in a civil action must remove the action to federal court within 30 days after it is validly served with a summons and complaint.  28 U.S.C. § 1446(b)(1); *Rea v. Michaels Stores Inc*., 742 F.3d 1234, 1237-1238 (9th Cir. 2014).

5.     Plaintiff filed the complaint on October 26, 2020.  (Declaration of Ryan H. Crosner ("Crosner Decl."), ¶ 3.)  On December 22, 2020, Defendant, through its agent for service of process, was served with Summons and Complaint.  (*Id.*)

6.     This Notice of Removal is timely filed as it is filed within 30 days of the effective date of service of the Summons and Complaint on Defendant, i.e., within 30 days of December 22, 2020.  (Crosner Decl., ¶ 5.).

## III.     <u>REMOVAL OF THIS ACTION IS APPROPRIATE PURSUANT TO FEDERAL QUESTION JURISDICTION.</u>

7.     "The district courts shall have original jurisdiction of all civil actions arising under the . . .  laws . . . of the United States."  28 U.S.C. § 1331.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

8.     This action arises under the laws of the United States because Plaintiff brings claims under the FCRA, 15 U.S.C. § 1681, *et seq.*  This Court has original jurisdiction over all claims which are brought under the FCRA, and thus removal of this action is proper.  *See, e.g., Smith v.*

Case No.

45634665_1.docx

*Quality Loan Serv. Corp*., No. Civ S-11-2108 KJM-EFB, 2012 WL 202055, at *6 (E.D. Cal. Jan. 23, 2012) (finding that removal based on FCRA was proper).

9.  Plaintiff brings the claim under the FCRA on behalf of a putative class comprised of "all persons who applied to work for and/or are or were employed by SKY CHEFS in the state of California within five (5) years prior to the date this lawsuit is filed…." (Compl. ¶ 20).  Plaintiff FCRA claim is based on his allegation that Defendant "violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681(b)(2)(A) by not adhering to the statutory requirements prior to obtaining a consumer report on Plaintiff and Class Members for employment purposes." (Compl. ¶ 30.)

10.  Removal based on federal question jurisdiction is proper because the court has the original jurisdiction of the FCRA.

## IV.    SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(A).

11.  To the extent the Court does not have original jurisdiction over any of Plaintiff's other purported causes of action, this Court may exercise supplemental jurisdiction over those claims.  Since this Court has jurisdiction over the federal claims related to this case or controversy, it also has supplemental jurisdiction over any state law claims which form part of the same case or controversy.  28 U.S.C. § 1367(a).

## V.    NO JOINDER IS REQUIRED.

12.  Unnamed, or doe defendants are not required to join in removal.  *Emrich v. Touche Ross & Co*., 846 F.2d 1190 n.1 (9th Cir. 1988).

## VI.    VENUE.

13.  In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Alameda, is located within the Northern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a).  Pursuant to the U.S. District Court, Northern District's Civil Local Rule 3-2(d), civil actions arising in the county of Alameda shall be assigned to the San Francisco or Oakland Division.  In accordance with 28 U.S.C. § 1446(a), this notice of removal is accompanied by **Exhibits A** through **E**, which comprise of copies of all process,

pleadings, and orders served upon Defendant in this action.

## VII.    REMOVAL IS TIMELY.

14.     As required by 28 U.S.C § 1446(b), and as discussed above, the original notice of removal was filed within 30 days after Defendant was served with a copy of the Complaint.  (See Crosner Decl., ¶ 3.)

## VIII.    NOTICE OF REMOVAL TO PLAINTIFF.

15.     As required by 28 U.S.C. § 1446(d), Defendant will provide notice of this removal to Plaintiff through his attorneys of record, and a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of Alameda.

## IX.    CONCLUSION

16.     Because this civil action presents a federal question, Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

17.     In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this removal.

WHEREFORE, Defendant removes this action to this Court.


DATED:  January 21, 2021                 OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.


                                         By:  /s/ Ryan H. Crosner
                                              Ryan H. Crosner
                                              M. Lorena Nuñez

                                         Attorneys for Defendant SKY CHEFS, INC.

                                                                          45634665.1