James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
Richard Barnwell, Esq. SBN 227376
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676

Attorneys for Plaintiff, KEVIN RIVAS
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RIVAS on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>SKY CHEFS, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  3:21-cv-00499-JCS<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:   JOSEPH C. SPERO<br>DEPT:   F<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1) **Violation of 15 U.S.C. §§ 1681 et seq.** (Fair Credit Reporting Act);<br>2) **Violation of California Civil Code §§ 1786.16et seq.** (California Investigative Consumer Reporting Agency Act);<br>3) **Violation of California Civil Code § 1785.20.5 et seq.** (California Consumer Credit Reporting Agency Act); and<br>4) **Violations of California Business & Professions Code § 17200 et seq.** (Unfair Competition Law)<br><br>**JURY TRIAL DEMANDED** |

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

KEVIN RIVAS (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, asserts claims against SKY CHEFS, INC., and DOES 1-50 (hereinafter collectively referred to as "Defendants"), as follows:

## I. NATURE OF ACTION

1. Plaintiff brings this class action on behalf of himself and current and past employees of Defendants, during the relevant time period, in California who signed documents purporting to authorize Defendants to conduct background checks as a condition of employment (hereinafter referred to as "Class Members").

2. Plaintiff and Class Members bring this class action against Defendants, seeking statutory and/or actual damages, equitable relief, reasonable attorneys' fees and costs, for their willful violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.*, Investigative Consumer Reporting Agencies Act ("ICRAA") California Civ Code § 1786 *et seq*, Consumer Credit Reporting Agencies Act ("CCRAA") California Civil Code § 1785 *et seq*, and Bus. & Prof. Code § 17200. .

3. Pursuant to Business and Professions Code §§ 17200-17208, Plaintiff and Class Members also seek injunctive relief and restitution from Defendants for violating the, FCRA, ICRAA and CCRAA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a) and supplemental jurisdiction over the transactionally related state law claims under 28 U.S.C. § 1367(a).

5. Venue is proper pursuant to 28 U.S.C §§ 84(a) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## III. PARTIES

6. Plaintiff is and at all times mentioned in this complaint was, a resident of Alameda

County, California.

7. On information and belief, Defendants were at all times mentioned herein qualified to do business in California and continue to conduct business throughout California.

8. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.  **FACTUAL BACKGROUND**

10. Plaintiff was employed as a driver by Defendants from on or about January 8, 2020 through March 6, 2020. While employed by Defendants, his job duties included, but were not limited to, driving between the San Jose and Oakland Airports to obtain catering supplies, loading trucks, stocking airplanes with food crates, and unloading crates from airplanes.

11. As part of the employment application, Defendants required Plaintiff and Class Members to sign two forms, the "Consumer Disclosure and Authorization Form" and the "Background Check Authorization" form (attached hereto as "Exhibit 1" and "Exhibit 2" respectively), in order to perform background checks and obtain consumer reports, both of which violate the FCRA, CCRAA, and ICRAA.

12. During the relevant time period, Defendants willfully violated the FCRA and ICRAA by not providing proper statutory notices to Plaintiff and Class Members prior to

performing a background check and obtaining a consumer report as the disclosure/authorization forms fail to provide the requisite statutory disclosure in "clear and conspicuous" manner in a document that consists solely of the disclosure.

13. By way of example, the Consumer Disclosure and Authorization Form (Exhibit 1) does not solely contain the requisite statutory disclosure required by the FCRA, 15 U.S.C. § 1681(b)(2)(A)(i), and ICRAA, Civil Code § 1786.16(a)(2)(B), alerting Plaintiff and Class Members that a consumer report may be obtained for employment purposes. Instead, it unlawfully contains extraneous information. For instance, the form describes what Defendants will do upon obtaining credit information, stating it will use credit information "to evaluate whether [applicants] would present an unacceptable risk of theft or other dishonest behavior in the job for which [the applicant] is being evaluated." Additionally, the wording expressing California, Minnesota, and Oklahoma state requirements is further extraneous information in willful violation of the FCRA and ICRAA.

14. Plaintiff alleges that both above referenced forms which he and Class Members were required to sign are confusing as to the nature of employees' rights, the type of background check to be performed by Defendants and the authorization that is being provided by the employee by virtue of executing the documents. Further enhancing the confusion is the contradictory information contained in both forms. For example, Consumer Disclosure and Authorization Form states that the background check is "for lawful employment purposes" and in "making a determination as to [an applicant's] eligibility for employment." However, the Background Check Authorization form contradicts this and states, in bold, that the "information will be used only for background screening purposes and will not be taken into consideration in any employment decisions."

15. Defendants willfully violated the FCRA 15 U.S.C. § 1681(b)(2)(A)(i) and ICRAA, Civil Code § 1786.16(a)(2)(B), in that, it is unclear as to *who* will assemble the background reports for Defendants. The Consumer Disclosure and Authorization Form states, "HireRight, Inc., (the credit reporting agency) or another consumer reporting agency, will prepare or assemble the background checks for the Company." Further, the form provides a waiver for

"law enforcement agencies … and other individuals and sources to furnish any and all information" on applicants.

16. Defendants willfully violated the ICRAA, Civil Code §1786.16(a)(B), by failing to provide the requisite ICRAA disclosure in a separate stand-alone document and to Plaintiff and Class Members. For instance, the Consumer Disclosure and Authorization Form does not even mention ICRAA or the like. The only reference to a credit reporting act is "the attached summary of rights under the Fair Credit Reporting Act."

17. During the relevant time period Defendants further willfully violated the IRCAA, Civil Code §1786.16(a)(2)(B)(v), by not providing in the disclosure a summary of Civil Code §1786.22 which provides for how reports maintained by HireRight can be obtained and visually inspected by applicants. Defendants also willfully violated section (vi) of the same code by not providing HireRight's website info (www.hireright.com).

18. During the relevant time period, Defendants unlawfully performed credit checks on Plaintiff and Class Members in violation of Lab. Code §1024.5, which restricts the category of employees on whom employers can obtain a consumer credit report.

19. Plaintiff and Class Members do not fall within the category of employees of whom employers can obtain a credit report. Labor Code §1024.5(a)(1)-(8) provides positions where a credit report may be sought, none of which is the position of "Driver."

20. During the relevant time period, Defendants willfully violated the CCRAA, Civil Code § 1785.20.5(a) by not providing the proscribed written notice to Plaintiff and Class Members, including but not limited to, identifying the specific basis under Labor Code §1024.5 for use of the consumer credit report.

21. Plaintiff is informed and believe, and based thereon allege, that Defendants currently employ and during the relevant period have employed over one hundred (100) employees in the State of California who were subjected to Defendants' background screening process described above.

22. Defendants' conduct in violation of the FCRA, 15 U.S.C. §1681 *et seq.*, ICRAA,

California Civ Code § 1786 *et seq.,* and the CCRAA, California Civil Code § 1785 *et seq*, was and is willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees including Plaintiff and class members.

## V. **CLASS ACTION ALLEGATIONS**

23. Plaintiff seeks to represent a Class comprised of and defined as: All persons who applied to work for and/or are or were employed by SKY CHEFS in the state of California within five (5) years prior to the date this lawsuit is filed until resolution of this lawsuit and were subjected to Defendants' employment-related background check procedures including, but not limited to, executing employment-related background check documents.

24. Plaintiff reserve the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

25. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. Numerosity**

26. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff are informed and believe that Defendants currently employ, and/or during the relevant time period employed, as many as over one hundred employees in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B. Commonality**

27. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

   i. Whether Defendants violated section 1024.5 of the Labor Code by obtaining and or attempting to obtain a consumer credit report on Plaintiff and Class Members for purposes of employment;

   ii. Whether Defendants violated section 1785 *et seq.* of the Civil Code by obtaining and/or attempting to obtain a consumer credit report and/or conduct a background check on Plaintiff and Class Members without adhering to statutory requirements;

   iii. Whether Defendants violated section 1786 *et seq.* of the Civil Code by obtaining and/or attempting to obtain a consumer credit report and/or conduct a background check on Plaintiff and Class Members without adhering to statutory requirements;

   iv. Whether Defendants violated 15 USC section 1681 *et seq.* by obtaining and/or attempting to obtain a consumer credit report and/or conduct a background check on Plaintiff and Class Members without adhering to statutory requirements;

   v. Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code through their violation of the above-referenced Civil Code sections which violation constitutes a violation of fundamental public policy.

**C. Typicality**

28. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions

**E. Superiority of Class Action**

30. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

31. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI. CAUSES OF ACTION

**First Cause of Action**
Violation of Fair Credit Reporting Act,
(15 U.S.C. §1681 *et seq.*)
(Against All Defendants)

32. Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

33. As set forth above, Defendants violated the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681(b)(2)(A) by not adhering to the statutory requirements prior to obtaining a consumer report on Plaintiff and Class Members for employment purposes.

34. As discussed herein, Defendants acted willfully in violating the requirements of the FCRA by, among other things, failing to provide Plaintiff and Class Members clear and conspicuous notice of the type of background check to be performed by Defendants.

35. As discussed herein, Defendants acted willfully in violating the requirements of the FCRA by, among other things, procuring consumer reports on Plaintiff and Class Members for employment purposes without first making proper disclosures required by statute

36. Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information and have been injured by the violation of their privacy and statutory rights as a result of Defendant's procurement of credit and background reports in violation of the FCRA.

37. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent are entitled to statutory damages pursuant to 15 USC §1681 plus attorneys' fees, and costs.

38. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below

**Second Cause of Action**
Violation of CCRAA
(Cal. Lab. Code 1024.5; Civ. Code §1785 *et seq.*)
(Against All Defendants)

39. Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

40. Defendants violated Lab. Code §1024.5 by unlawfully attempting to obtain a credit check on Plaintiff and Class Members for employment purposes. As per Lab. Code §1024.5, Plaintiff and Class Members are not within the category of employees for whom an employer or prospective employer may use a consumer credit report for employment purposes.

41. Defendants violated the Consumer Credit Reporting Agencies Act, Civil Code section 1785, *et seq.* ("CCRAA") by not providing the proscribed written notice to Plaintiff and Class Members, including but not limited to, identifying the specific basis under Lab. Code §1024.5 for use of the report for employment purposes prior to obtaining credit reports for Plaintiff and Class Members. Defendants' violation of the CCRAA was and is willful and/or grossly negligent.

42. Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information and have been injured by the violation of their privacy and statutory rights as a result of Defendant's procurement of credit and background reports in violation of the CCRAA.

43. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent seek all available remedies pursuant to Civ. Code § 1785.3 including statutory damages and/or actual damages, attorneys' fees and costs.

44.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

### Third Cause of Action
Violation of ICRAA
(Civ. Code §1786 *et seq.*)
(Against All Defendants)

45.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

46.     As set forth above, Defendants willfully violated the Investigative Consumer Reporting Agencies Act, Civil Code section 1786, *et seq.* ("ICRAA") by, among other things, not providing the appropriate statutory notice to Plaintiff and Class prior to performing a background check in attempts to obtain an investigative consumer report.

47.     As alleged herein, the purported disclosure/authorization form provided to Plaintiff and Class Members to sign is embedded with extraneous information and does not consist of a clear and unambiguous disclosure in stand-alone documents and, as such, does not meet requirements under the ICRAA. Defendants' conduct in violation of ICRAA was and is willful and/or grossly negligent.

48.     Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information and have been injured by the violation of their privacy and statutory rights as a result of Defendant's procurement of credit and background reports in violation of the ICRAA

49.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent seek all available remedies pursuant to Civ. Code § 1786.50 including statutory damages and/or actual damages, attorneys' fees and costs.

**Fourth Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
(<u>Against All Defendants</u>)

50. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

51. Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any ***unlawful***, ***unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

52. Defendants' violations of the Civil Code provisions set forth above constitute unlawful and/or unfair business acts or practices.

53. The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq*.

54. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

55. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to injunctive relief enjoining Defendants from further violations of the FCRA, ICRAA and CCRAA.

56. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to seek all available remedies under Bus. & Prof. Code §17200 including recovery of reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

57. Pursuant to Bus. & Prof. Code §17200, Plaintiff seeks an order enjoining Defendants from further violations of the FCRA, ICRAA and CCRAA.

58. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

11

**FIRST AMENDED CLASS ACTION COMPLAINT**

described herein and below.

## VII. **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;
2. For actual or statutory damages pursuant to Civ. Code §1786 *et seq.*;
3. For actual or statutory damages pursuant to 15 U.S.C. § 1681 *et seq.*;
4. For actual or statutory damages pursuant to Civ. Code §1785 *et seq.*;
5. For attorneys' fees, interests and costs of suit under e Civ. Proc. Code §1021.5; Civ. Code §1786.50; Civ. Code §1785.31 and 15 USC §1681;
6. For injunctive relief; and
7. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

**Dated: February 18, 2021**              **JAMES HAWKINS, APLC**

                          /s/ Isandra Fernandez, Esq.
                          James R. Hawkins, Esq.
                          Isandra Y. Fernandez, Esq.
                          Richard Barnwell, Esq.
                               Attorneys for Plaintiff,
                               KEVIN RIVAS

**FIRST AMENDED CLASS ACTION COMPLAINT**

**EXHIBIT 1**

## CONSUMER DISCOLSURE AND AUTHORIZATION FORM

### Disclosure Regarding Background Investigation

LSG Sky Chefs (the "Company") may request, for lawful employment purposes, background information about you from a consumer reporting agency in connection with your employment of application for employment (including independent contractor assignments, as applicable). This background information may be obtained in the form of consumer reports and/or investigative consumer reports (commonly known as "background reports"). These background reports may be obtained at any time after receipt of your authorization and, if you are hired or engaged by the Company, throughout your emp0loyment or your contract period.

HireRight, Inc., or another consumer reporting agency, will prepare or assemble the background reports for the Company. HireRight, Inc. is located and can be contacted by mail at 5151 California, Irving, CA 92617, and HireRight can be contact by phone at (800) 400-2761.

The types of information that may be obtained include, but are not limited to: social security number verifications; address history; credit reports and history; criminal records and history; public court records; driving records; accident history; worker's compensation claims; bankruptcy filings; educational history verifications (e.g., dates of attendance, degrees obtained); employment history verifications (e.g. dates of employment, salary information, reasons for termination, etc.); personal and professional references checks; professional licensing and certification checks; drug/ alcohol testing results, and drug/alcohol history in violation of law and/or company policy; and other information bearing on your character, general reputation, personal characteristics, mode of living and credit standing.

This information may be obtained from private and public record sources, including, as appropriate: government agencies and courthouses; educational institutions; former employers; personal interviews with sources such as neighbors, friends and associates; and other information sources. If the Company should obtain information bearing on your credit worthiness, credit standing or credit capacity for reasons other than as required by law, then the Company will use such credit information to evaluate whether you would present an unacceptable risk of theft or other dishonest behavior in the job for which you are being evaluated.

You may request more information about the nature and scope of any investigative consumer reports by contacting the Company. A summary of your rights under the Fair Credit Reporting Act is also being provided to you.

### Authorization of Background Investigation

I have carefully read and understand this Disclosure and Authorization form and the attached summary of rights under the Fair Credit Reporting Act. By my signature below, I consent to preparation of background reports by a consumer reporting agency such as HireRight, Inc. and to the release of such background reports to the Company and its designated representatives and agents, for the purpose of assisting the Company in making a determination as to my eligibility for employment (including independent purposes. I understand that if the Company hires me or contracts for my services, my consent will apply, and the company may obtain background reports, throughout my employment or contract period.

I understand that information contained in my employment or contractor application, or otherwise disclosed by me before or during my employment or contract assignment, if any may be sued for the purpose of obtaining and evaluating background reports on me. I also understand that nothing herein shall be construed as an offer of employment or contract for services.

In hereby authorize law enforcement agencies, learning institutions (including public and private schools and universities). Information service bureaus, credit bureaus, record/data repositories, courts (federal, state, and local), motor vehicle records agencies, my past or present employers, the military, and other individuals and sources to furnish any and all information on me that is requested by the consumer reporting agency.

By my signature below, I also certify the information I provided on and in connection with this form is true, accurate and complete. I agree that this form is original, faxed, photocopied or electronic (including electronically signed) form, will be valid for any background reports that may be requested by or on behalf of the Company.

**California, Minnesota or Oklahoma applicants only:** You will be provided with a free copy of any consumer reports or investigative consumer reports obtained on you if you check the box below.
☐ I wish to receive a free copy of the repot

Applicant Last Name: _Rivas_   First Name: _Kevin_   Middle Initial :___
Applicant Signature: _Kevin Rivas_

Revised 10/2016

**EXHIBIT 2**

# BACKGROUND CHECK AUTHORIZATION

By my signature below, I consent to the release of consumer reports and investigative consumer reports prepared by a consumer reporting agency, such as HireRight, Inc., to the Company and its designated representatives and agents. I understand that if the Company hires me, my consent will apply, and the Company may obtain reports, throughout my employment.

I also understand that information contained in my job application or otherwise disclosed by me before or during my employment, if any, may be used for the purpose of obtaining consumer reports and/or investigative consumer reports.

By my signature below, I authorize law enforcement agencies, learning institutions (including public and private schools and universities), information service bureaus, credit bureaus, record/data repositories, courts (federal, state and local), motor vehicle records agencies, my past or present employers, the military, and other individuals and sources to furnish any and all information on me that is requested by the consumer reporting agency.

By my signature below, I certify the information I provided on this form is true and correct. I agree that this Disclosure and Authorization form in original, faxed, photocopied or electronic (including electronically signed) form and will be valid for any reports that may be requested by or on behalf of the Company.

*This information will be used only for background screening purposes and will not be taken into consideration in any employment decisions.

*Please print:*

Last Name: Rivas
First Name: Kevin
Middle Initial:

Social Security Number: 6...
Date of Birth:

Driver's License #:
Email Address: RivasK36@hotmail

Applicant Signature: Kevin Rivas
Date: 01/08/20

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Northern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: February 18, 2021                 */s/ Isandra Y. Fernandez*
                                                              Isandra Y. Fernandez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -
PROOF OF SERVICE